UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENISE WILLIAMS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>J & J PAINTING OF NAPERVILLE, INC.,<br><br>　　　　Defendant. | FILED: JULY 15, 2008<br>08CV4002<br>JUDGE GRADY<br>MAGISTRATE JUDGE MASON<br>TG |

### PLAINTIFF'S COMPLAINT AT LAW

Plaintiff, Denise Williams, by and through her attorneys, Caffarelli & Siegel Ltd., for her Complaint at Law, complains against Defendant J & J Painting of Naperville, Inc. ("J & J" or the "Company") as follows:

### NATURE OF ACTION

1.　　This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") for Defendant's failure to pay Plaintiff at the rate of one and one half times her regular rate of pay for all hours worked in excess of forty per workweek.

### JURISDICTION AND VENUE

2.　　This Court has jurisdiction of the action under the express provisions of the FLSA, 29 U.S.C. § 216(b), and under 28 U.S.C. § 1331.

3.　　Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district, and Plaintiff is a resident of this district.

### PARTIES

4.　　Plaintiff resides in and is domiciled within this judicial district.

5.　　Plaintiff is a past employee of Defendant.

6. Defendant J & J Painting of Naperville, Inc. is a company engaged in the painting industry. It is located at 434 Treasure Drive, Oswego, Illinois 60543. The Company's president is Justin Eggers.

## FACTUAL ALLEGATIONS

7. Plaintiff was employed by Defendant from on or about March 15, 2007 until on or about June 13, 2008 as a secretary.

8. Plaintiff's job duties consisted of answering telephones, scheduling appointments, typing up estimates based on the information provided to her by others, the performance of data entry tasks for the purpose of billing clients, and other routine clerical duties.

9. Plaintiff's job duties did not include supervising other employees. She could not hire, discipline, and/or terminate other employees.

10. Plaintiff did not have the authority to make significant decisions on behalf of her employer

11. Plaintiff's job did not require or involve the use of discretion or independent judgment.

12. Throughout Plaintiff's employment, she regularly worked at least sixty (60) hours per workweek.

13. Defendant directed Plaintiff to work in excess of forty (40) hours per week while in J & J's employ, but Defendant did not compensate Plaintiff for such excess hours.

14. Throughout Plaintiff's employment, Defendant paid her at the rate of $33,000.00 per year.

15. Plaintiff was entitled to be paid at the rate of one and one half times her regular rate of pay ("overtime") for all hours worked in excess of forty (40) per workweek.

16. Defendant never paid Plaintiff at the rate of one and one half times her regular rate of pay for all hours worked in excess of forty (40) per workweek.

17. Defendant acted in bad faith in failing to compensate Plaintiff at the rate of one and one half times her regular rate of pay for all hours worked in excess of forty (40) per workweek.

18. Defendant was aware of its obligations to pay Plaintiff overtime pay, and intentionally chose not to pay Plaintiff accordingly.

## COUNT I
### Violation of the Fair Labor Standards Act

19. Paragraphs 1 – 18 are re-alleged and incorporated as though set forth fully herein.

20. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by Plaintiff who has been damaged by Defendant's failure to comply with 29 U.S.C. § 201 *et seq.* and 29 U.S.C. §251 *et seq.*

21. At all relevant times, Plaintiff was an "employee" subject to the FLSA, and Defendant was an "employer" subject to the FLSA.

22. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of forty (40) hours, she was entitled to be compensated at a rate of one and one half times her normal hourly rate of pay.

23. Defendant never compensated Plaintiff at the rate of one and one half times her regular rate of pay, in violation of 29 U.S.C. § 207.

24. Defendant's failure to pay compensation to Plaintiff at the rate of one and one half times her regular rate of pay for all hours worked in excess of forty (40) per workweek, is a willful violation of the FLSA since Defendant's conduct shows that it either knew that its

conduct violated the FLSA or showed reckless disregard for whether its actions complied with the FLSA.

Wherefore, Plaintiff respectfully requests this Court to enter an order as follows:

25. Awarding judgment for back pay equal to the amount of all unpaid overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

26. Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

27. Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

28. Awarding reasonable attorneys' fees to Caffarelli & Siegel Ltd., and awarding costs incurred in filing this action; and

29. Ordering such other and further relief as the Court deems appropriate and just.

Dated: 07/15/2008

Marc J. Siegel, #06238100
Lorraine T. Peeters, #06290434
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 North Stetson Ste. 3150
Chicago, IL  60601
Tel. (312) 540-1230
Fax (312) 540-1231
Email  info@caffarelli.com
Web  www.caffarelli.com

Respectfully submitted,

DENISE WILLIAMS

By: _____
Attorney for Plaintiff

4