UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENISE WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>J & J PAINTING OF NAPERVILLE, INC.<br>and JUSTIN EGGERS, individually,<br><br>　　　　　Defendants. | No. 08-C-4002<br><br>Judge Grady<br>Magistrate Judge Mason |

## PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW

Plaintiff, Denise Williams, by and through her attorneys, Caffarelli & Siegel Ltd., for her Complaint at Law, complains against Defendants J & J Painting of Naperville, Inc. ("J & J" or the "Company") and Justin Eggers, individually ("Eggers") (collectively "Defendants") as follows:

### NATURE OF ACTION

1.　　　This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") for Defendant's failure to pay Plaintiff at the rate of one and one half times her regular rate of pay for all hours worked in excess of forty per workweek.

### JURISDICTION AND VENUE

2.　　　This Court has jurisdiction of the action under the express provisions of the FLSA, 29 U.S.C. § 216(b), and under 28 U.S.C. § 1331.

3.　　　Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district, and Plaintiff is a resident of this district.

### PARTIES

4.　　　Plaintiff resides in and is domiciled within this judicial district.

5. Plaintiff is a past employee of Defendants.

6. Defendant J & J Painting of Naperville, Inc. is a company engaged in the painting industry. It is located at 434 Treasure Drive, Oswego, Illinois 60543.

7. Defendant Eggers is the President of Defendant J & J Painting of Naperville, Inc. and in involved in the day-to-day business operations of J & J Painting of Naperville, Inc. Among other things, Defendant Eggers has the authority to hire and fire employees; direct and supervise the work of employees; sign on the Company's checking accounts, including payroll accounts; and make or participate in decisions regarding employee compensation and capital expenditures.

## FACTUAL ALLEGATIONS

8. Plaintiff was employed by Defendants from on or about March 15, 2007 until on or about June 13, 2008 as a secretary.

9. Plaintiff's job duties consisted of answering telephones, scheduling appointments, typing up estimates based on the information provided to her by others, the performance of data entry tasks for the purpose of billing clients, and other routine clerical duties.

10. Plaintiff's job duties did not include supervising other employees. She could not hire, discipline, and/or terminate other employees.

11. Plaintiff did not have the authority to make significant decisions on behalf of her employer

12. Plaintiff's job did not require or involve the use of discretion or independent judgment.

13. Throughout Plaintiff's employment, she regularly worked at least sixty (60) hours per workweek.

14. Defendants directed Plaintiff to work in excess of forty (40) hours per week while in J & J and Eggers' employ, but Defendants did not compensate Plaintiff for such excess hours.

15. Throughout Plaintiff's employment, Defendants paid her at the rate of $33,000.00 per year.

16. Plaintiff was entitled to be paid at the rate of one and one half times her regular rate of pay ("overtime") for all hours worked in excess of forty (40) per workweek.

17. Defendants never paid Plaintiff at the rate of one and one half times her regular rate of pay for all hours worked in excess of forty (40) per workweek.

18. Defendants acted in bad faith in failing to compensate Plaintiff at the rate of one and one half times her regular rate of pay for all hours worked in excess of forty (40) per workweek.

19. Defendants were aware of their obligations to pay Plaintiff overtime pay, and intentionally chose not to pay Plaintiff accordingly.

## COUNT I
### Violation of the Fair Labor Standards Act

20. Paragraphs 1 – 19 are re-alleged and incorporated as though set forth fully herein.

21. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by Plaintiff who has been damaged by Defendants' failure to comply with 29 U.S.C. § 201 *et seq.* and 29 U.S.C. §251 *et seq.*

22. At all relevant times, Plaintiff was an "employee" subject to the FLSA, and Defendants were "employers" subject to the FLSA.

23. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of forty (40) hours, she was entitled to be compensated at a rate of one and one half times her normal hourly rate of pay.

24. Defendants never compensated Plaintiff at the rate of one and one half times her regular rate of pay, in violation of 29 U.S.C. § 207.

25. Defendants' failure to pay compensation to Plaintiff at the rate of one and one half times her regular rate of pay for all hours worked in excess of forty (40) per workweek, is a willful violation of the FLSA since Defendants' conduct shows that they either knew that their conduct violated the FLSA or showed reckless disregard for whether their actions complied with the FLSA.

Wherefore, Plaintiff respectfully requests this Court to enter an order as follows:

A. Awarding judgment for back pay equal to the amount of all unpaid overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

B. Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

C. Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

D. Awarding reasonable attorneys' fees to Caffarelli & Siegel Ltd., and awarding costs incurred in filing this action; and

E. Ordering such other and further relief as the Court deems appropriate and just.

                                                Respectfully submitted,

Dated: August 7, 2008

                                                DENISE WILLIAMS

Marc J. Siegel, #06238100
Jessica J. Fayerman, #06286140
Lorraine T. Peeters, #06290434
Caffarelli & Siegel Ltd.                 By:   /s/   Marc J. Siegel
Two Prudential Plaza                     Attorney for Plaintiff
180 North Stetson Ste. 3150
Chicago, IL  60601
Tel. (312) 540-1230
Fax (312) 540-1231
Email   info@caffarelli.com
Web   www.caffarelli.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused a copy of the attached, Plaintiff's First Amended Complaint at Law, to be served upon the parties listed below via the electronic filing system of the United States District Court of Northern District of Illinois on August 7, 2008

Margaret A. Gisch
Laura A. Balson
Golan & Christie LLP
70 W. Madison St., Ste. 1500
Chicago, IL 60602

    /s/ Marc J. Siegel
Marc J. Siegel
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 N. Stetson, Suite 3150
Chicago, IL 60601