UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DENISE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 CV 4002 |
| | ) | |
| v. | ) | Honorable John F. Grady |
| | ) | |
| J & J PAINTING OF NAPERVILLE, INC., | ) | Magistrate Judge Michael T. Mason |
| and JUSTIN EGGERS, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant, J & J PAINTING OF NAPERVILLE, INC. ("J & J"), by its attorneys, Golan & Christie LLP, for its answer to DENISE WILLIAMS' ("Plaintiff") First Amended Complaint, states as follows:

### Nature of Action

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for Defendant's failure to pay Plaintiff at the rate of one and one-half times her regular rate of pay for all hours worked in excess of forty per workweek.

**ANSWER:**

J & J admits that this lawsuit involves the FLSA, 29 U.S.C. § 201, *et seq.* but denies that Defendant failed to pay for all hours worked.

### Jurisdiction and Venue

2. This Court has jurisdiction of the action under the express provisions of the FLSA, 29 U.S. C. § 216(b), and under 28 U.S.C. § 1331.

**ANSWER:**

J & J admits the allegations of paragraph 2.

3.  Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district, and Plaintiff is a resident of this district.

**ANSWER:**

J & J admits the allegations of paragraph 3.

### Parties

4.  Plaintiff resides in and is domiciled within this judicial district.

**ANSWER:**

J & J admits the allegations of paragraph 4.

5.  Plaintiff is a past employee of Defendants.

**ANSWER:**

J & J admits the allegations of paragraph 5.

6.  Defendant J & J Painting of Naperville, Inc. a company engaged in the painting industry. It is located at 434 Treasure Drive, Oswego, Illinois 60543.

**ANSWER:**

J & J admits the allegations of paragraph 6.

7.  Defendant Eggers is the President of J & J Painting of Naperville, Inc. and involved in the day-to-day business operations of J & J Painting of Naperville, Inc. Among other things, Defendant Eggers has the authority to hire and fire employees; direct and supervise the work of employees; sign on the Company's checking accounts, including payroll accounts; and make or participate in decisions regarding employee compensation and capital expenditures.

**ANSWER:**

J & J admits the allegations of paragraph 7.

## Factual Allegations

8.      Plaintiff was employed by Defendants from on or about March 15, 2007 until on or about June 13, 2008 as a secretary.

**ANSWER:**

J & J denies the allegations of paragraph 8. Answering further, J & J affirmatively states that Plaintiff was employed during those dates as the Office Manager.

9.      Plaintiff's job duties consisted of answering telephones, scheduling appointments, typing up estimates based on the information provided to her by others, the performance of data entry tasks for the purpose of billing clients, and other routine clerical duties.

**ANSWER:**

J & J admits that her job duties included those listed in paragraph 9, but denies that paragraph 9 is a complete list of her job duties and denies that her job duties in general were routine clerical duties.

10.     Plaintiff's job duties did not include supervising other employees. She could not hire, discipline, and/or terminate other employees.

**ANSWER:**

J & J denies the allegations of paragraph 10.

11.     Plaintiff did not have the authority to make significant decisions on behalf of her employer.

**ANSWER:**

J & J denies the allegations of paragraph 11.

12.     Plaintiff's job did not require or involve the use of discretion or independent judgment.

**ANSWER:**

    J & J denies the allegations of paragraph 12.

    13.    Throughout Plaintiff's employment, she regularly worked at least sixty (60) hours per workweek.

**ANSWER:**

    J & J denies the allegations of paragraph 13.

    14.    Defendants directed Plaintiff to work in excess of forty (40) hours per week while in J & J and Eggers' employ, but Defendants did not compensate Plaintiff for such excess hours.

**ANSWER:**

    J & J denies the allegations of paragraph 14.

    15.    Throughout Plaintiff's employment, Defendants paid her at the rate of $33,000.00 per year.

**ANSWER:**

    J & J admits the allegations of paragraph 15.

    16.    Plaintiff was entitled to be paid at the rate of one and one half times her regular rate of pay ("overtime") for all hours worked in excess of forty (40) per workweek.

**ANSWER:**

    J & J denies the allegations of paragraph 16.

    17.    Defendants never paid Plaintiff at the rate of one and one half times her regular rate of pay for all hours worked in excess of forty (40) per workweek.

**ANSWER:**

    J & J admits the allegations of paragraph 17.

18.     Defendants acted in bad faith in failing to compensate Plaintiff at the rate of one and one half times her regular rate of pay for all hours worked in excess of forty (40) per workweek.

**ANSWER:**

J & J denies the allegations of paragraph 18.

19.     Defendants were aware of their obligations to pay Plaintiff overtime pay, and intentionally chose not to pay Plaintiff accordingly.

**ANSWER:**

J & J denies the allegations of paragraph 19.

## COUNT I
### Violation of the Fair Labor Standards Act

20.     Paragraphs 1 – 19 are re-alleged and incorporated as though set forth fully herein.

**ANSWER:**

J & J incorporates by reference paragraphs 1 through 19 of the Answer as if the same were set forth fully herein.

21.     Pursuant to 29 U.S.C. § 216(b), this action may be maintained by Plaintiff who has been damaged by Defendant's failure to comply with 29 U.S.C. § 201 *et seq.* and 29 U.S.C. § 251 *et seq.*

**ANSWER:**

J & J denies that it has failed to comply with 29 U.S.C. § 201, *et seq.* and 29 U.S.C. § 251, *et seq.* and therefore denies the allegations of paragraph 21.

22.     At all relevant times, Plaintiff was an "employee" subject to the FLSA, and Defendants were "employers" subject to the FLSA.

**ANSWER:**

J & J admits the allegations of paragraph 22.

5

23. Pursuant to 29 U.S. C. § 207, for all weeks during which Plaintiff worked in excess of forty (40) hours, she was entitled to be compensated at a rate of one and one half times her normal hourly rate of pay.

**ANSWER:**

J & J denies the allegations of paragraph 23.

24. Defendants never compensated Plaintiff at the rate of one and one half times her regular rate of pay, in violation of 29 U.S. C. § 207.

**ANSWER:**

J & J denies the allegations of paragraph 24.

25. Defendants' failure to pay compensation to Plaintiff at the rate of one and one half times her regular rate of pay for all hours worked in excess of forty (40) per workweek, is a willful violation of the FLSA since Defendants' conduct shows that they either knew that their conduct violated the FLSA or showed reckless disregard for whether their actions complied with the FLSA.

**ANSWER:**

J & J denies the allegations of paragraph 25.

Respectfully submitted,

J & J PAINTING OF NAPERVILLE, INC.

By: /s/ Laura A. Balson
One of Its Attorneys

Margaret A. Gisch, Esq. (#6204431)
Laura A. Balson, Esq. (#6291377)
GOLAN & CHRISTIE LLP
70 West Madison Street
Suite 1500
Chicago, Illinois  60602
(312) 263-2300